IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOSEPH K. NEWBOLD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:18CV639 |
| | ) | 1:05CR262-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings a Motion [Doc. #109] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He pled guilty in this Court to one count of distributing 5-Methoxy-Alpha Methyltryptamine (5-MeO-AMT) in violation of 21 U.S.C. § 841(b)(1)(C) (Count One), one count of money laundering of illegal drug proceeds in violation of 18 U.S.C. § 1956(a)(3)(B) (Count Three), and one count of possession of firearms after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) (Count Seven). Petitioner initially received concurrent sentences of 225 months of imprisonment to be followed by five years of supervised release based on his status as an Armed Career Criminal. Following an unsuccessful direct appeal, Petitioner pursued a successful prior § 2255 motion which resulted in the removal of the Armed Career Criminal enhancement and a resentencing hearing that resulted in concurrent sentences of 165 months of imprisonment on Counts One and Three and 120 months on Count Seven, to be followed by three years of supervised release. This led to yet another unsuccessful direct appeal, after which Petitioner filed his current Motion.

The Government filed a Response [Doc. #132] opposing relief, Petitioner filed a Reply [Doc. #133], and his Motion is now before the Court for a decision.

## Claims

Petitioner lists a single claim in his Motion, alleging that "Count One [of the] Indictment for distribution of a controlled substance analogue does not state an offense, in violation of the Indictment Clause, Amendment 5 and Notice of Accusation Clause, Amendment 6." (Motion § 12, Ground One.) In a supporting statement, Petitioner argues that while the Indictment charged him with intentionally distributing 5-MeO-AMT, that 5-MeO-AMT met the definition of a controlled substance analogue found in 21 U.S.C. § 802(32), and that Petitioner distributed that substance with an intent for human consumption, it was also required to allege, but did not allege, that he knew that 5-MeO-AMT was a controlled substance analogue that it was illegal to distribute or that he knew that 5-MeO-AMT had a chemical structure and effects similar to a controlled substance. Therefore, he concludes that the Indictment failed to properly allege an offense as to Count One, that his subsequent guilty plea did not admit to any offense, and that his conviction on Count One should be vacated.

## Discussion

Following his resentencing, Petitioner raised on direct appeal essentially the same claim he now raises in his current § 2255 Motion, claiming that "based on an intervening Supreme Court case, McFadden v. United States, ––– U.S. ––––, 135 S. Ct. 2298, 192 L.Ed.2d 260 (2015), the indictment, plea colloquy, and factual basis for the plea agreement failed to establish that he satisfied the knowledge element of the crime." United States v. Newbold, 686 F. App'x 181, 183 (4th Cir. 2015). Because Petitioner did not raise the claim at his

resentencing, the United States Court of Appeals for the Fourth Circuit reviewed the claim for plain error. Id. at 186. In discussing McFadden and its application to Petitioner's case, the Fourth Circuit stated:

> In McFadden, the Supreme Court held that when a defendant is charged with dealing a controlled substance analogue, the government must show that "the defendant knew that the substance was controlled under the [Controlled Substances Act] or the Analogue Act, even if he did not know its identity." McFadden, 135 S. Ct. at 2302. The Court noted two ways by which the government can satisfy this knowledge element: (1) evidence that a defendant knew the substance he was dealing was or was treated like a controlled substance; or (2) evidence that the defendant knew the substance had a chemical structure similar to a controlled substance, and either (a) had a stimulant, depressant, or hallucinogenic effect on the central nervous system similar to a controlled substance, or (b) was represented or intended to have such an effect on a person. Id. at 2305.
>
> Here, the factual basis for Newbold's plea states that he sold "fifty gel capsules containing a substance represented to be like 'Ecstasy.'" J.A. 32. The judge read this factual basis aloud during Newbold's plea colloquy. Also at the plea colloquy, the district court asked Newbold if he understood that the government had to prove the following: that Newbold "willfully, knowingly, and intentionally distributed 5.3 grams of a mixture containing a detectable amount of 5-MeO-AMT, which is a controlled substance, and with the intent for human consumption; and that [he] knew that what [he was] distributing was some kind of controlled substance." J.A. 53. Newbold admitted that he was guilty of this crime. J.A. 57. The government's attorney clarified, and the judge accepted, that 5-MeO-AMT was a controlled substance analogue. J.A. 58-59. And then Newbold stipulated that the factual basis for his plea had enough information for the district court to make a determination of guilt based on these elements. J.A. 60.
>
> Newbold argues that his plea colloquy and the factual basis for his plea agreement fail to show that he knew that 5-MeO-AMT was chemically similar to a controlled substance. In so doing, Newbold fixates on McFadden's second method of demonstrating sufficient knowledge. Had McFadden identified only this second method, Newbold's likelihood of success might have been higher; at least in the plea colloquy and factual basis for his plea agreement, the evidence displaying Newbold's knowledge of 5-MeO-AMT's chemical structure was anemic. But Newbold fails to address the McFadden Court's first method of demonstrating sufficient knowledge: proffering evidence that the defendant knew the substance he was dealing was or was treated like a controlled

> substance. And here, the facts recited above adequately demonstrate evidence of such knowledge. The government's clarification that 5-MeO-AMT was a controlled substance analogue does not change the fact that Newbold knew that what he was distributing was or was treated like a controlled substance. And Newbold does not argue that his counsel advised him incompetently or that he lacked control of his mental faculties when he made these admissions.

Id. at 186-87. Therefore, the court concluded that because "the clarification of the knowledge element would not have changed Newbold's likely outcome, we cannot conclude that an error, let alone a plain error, occurred. As a result, his guilty plea was valid and his conviction is affirmed." Id. at 188. Continuing, the Fourth Circuit noted that:

> Newbold also alleges that the underlying indictment lacked sufficient facts demonstrating knowledge to support his charged offense. But an intelligent and voluntary guilty plea waives arguments regarding defects in the indictment. See United States v. Cotton, 535 U.S. 625, 631, 122 S. Ct. 1781, 152 L.Ed.2d 860 (2002) (stating that defects in indictment are not jurisdictional); Tollett v. Henderson, 411 U.S. 258, 266, 93 S. Ct. 1602, 36 L.Ed.2d 235 (1973) (finding that valid guilty plea waives nonjurisdictional errors). Because Newbold's guilty plea was valid, he has waived any challenge to defects in the indictment.

Id.

To the extent that Petitioner seeks to raise the same claim or claims that were rejected on appeal in the present proceeding, they are barred because he cannot relitigate such claims in a § 2255 Motion. See Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Further, to any extent that Boeckenhaupt does not bar his Motion, Petitioner's claim fails for exactly the same reasons set out in the Fourth Circuit's opinion, i.e., based on the factual basis and plea colloquy, "Newbold knew that what he was distributing was or was treated like a controlled substance" to satisfy the knowledge element discussed in McFadden, the guilty plea was valid, and Petitioner's intelligent and voluntary guilty plea waived the alleged defect in the Indictment about which he now complains.

Petitioner attempts to evade this outcome by citing to the case of Class v. United States, ___ U.S. ___, 138 S. Ct. 798 (2018), which was decided after his direct appeal. According to Petitioner, Class allows him to challenge the alleged error in the Indictment despite the entry of a valid guilty plea. He is incorrect. In Class, the Supreme Court held that a guilty plea by itself does not necessarily bar a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal. Id., 138 S. Ct. at 803. Here, however, Petitioner seeks review in a post-conviction motion under § 2255, not a direct appeal.[1] The scope of a § 2255 motion is quite narrowly limited. See United States v. Foote, 784 F.3d 931 (4th Cir. 2015); United States v. Addonizio, 442 U.S. 178, 184-86 (1979). Such motions are not substitutes for appeals, nor are they a chance for a second round of argument. Moreover, even if Class is applied in this context, it does not provide any basis for relief in this case because Petitioner does not seek to challenge the constitutionality of the statute of conviction, but instead challenges the sufficiency of the Indictment. The decision in Class involved claims challenging the Government's power to criminalize certain conduct, but did not affect the general rule that entry of a valid guilty plea waives challenges to defects in the indictment. Class, 138 S. Ct. at 803, 805 (noting that "a guilty plea bars appeal of many claims, including some " 'antecedent constitutional violations' " related to events (say, grand jury proceedings) that had " 'occurred prior to the entry of the guilty plea.'"" (quoting Blackledge v. Perry, 417 U.S. 21, 30 (1974) (quoting Tollett v. Henderson, 411 U.S. 258, 266-67 (1973))))[2];

---

[1] Indeed, in Petitioner's case the Fourth Circuit did consider Petitioner's challenge to his conviction on direct appeal, and that challenge was rejected on the merits as discussed above.

[2] In Blackledge, the Supreme Court noted that under Tollett, "when a criminal defendant enters a guilty plea, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. Rather, a person complaining of such antecedent constitutional violations, is limited in a federal habeas corpus proceeding to attacks on the voluntary and intelligent nature of the guilty

see also United States v. Haynes, 801 F. App'x 160 (4th Cir. April 16, 2020) (relying on Class and holding that "[b]y pleading guilty, Haynes waived the right to contest any nonjurisdictional defect in the proceedings conducted prior to the entry of the plea, including any nonjurisdictional defects in the indictment"); United States v. Lozano, 962 F.3d 773 (4th Cir. 2020). Thus, Petitioner's knowing and intelligent plea waived his claim alleging defects in the Indictment, the holding in Class does not change the analysis in this case, and Petitioner's Motion should be denied.

IT IS THEREFORE RECOMMENDED that Petitioner's § 2255 Motion [Doc. #109] be denied, that this action be dismissed, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 6th day of October, 2020.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Blackledge, 417 U.S. at 30 (internal citations and quotations omitted). Here, Petitioner does not bring a claim alleging ineffective assistance of counsel, and the Fourth Circuit has already concluded that Petitioner's plea was knowingly and intelligently made based on the factual basis and plea colloquy.